# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2025

Lyle W. Cayce
Clerk

————————

No. 24-10189

————————

Jason Sims, *Individually and as representative of* the Estate of Sharla Sims (*deceased*); Brandren Sims,

*Plaintiffs—Appellants*,

*versus*

Dallas Independent School District,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-10

———————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:

Jason and Brandren Sims sued the Dallas Independent School District under 42 U.S.C. § 1983 because their mother, a special-education instructor, tragically passed away after a student assaulted her. The district court dismissed the action for failure to state a claim. We affirm.

\*       \*       \*

Because of the limits on vicarious liability under § 1983, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 477–78 (1986), plaintiffs must establish

No. 24-10189

direct liability against the Dallas Independent School District ("DISD"). To do so, plaintiffs must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. Houston*, 291 F.3d 325, 328 (5th Cir. 2002). To establish a constitutional violation, plaintiffs rely on the state-created danger theory of substantive due process. That is unavailing.[*]

No precedent of this court or the Supreme Court has ever adopted such a theory of substantive due process. Although a panel of our court in *Breen v. Texas A&M University*, 485 F.3d 325 (5th Cir. 2007), purported to do so, that same panel withdrew its opinion just three months later, *see Breen v. Texas A&M Univ.*, 494 F.3d 516 (5th Cir. 2007). Since then, we have clarified that we "ha[ve] never adopted" this theory. *Fisher v. Moore*, 73 F.4th 367, 369 (5th Cir. 2023).

We decline to do so today. As the Supreme Court warned just a few months ago, "[i]dentifying unenumerated rights carries a serious risk of judicial overreach." *Dep't of State v. Muñoz*, 144 S. Ct. 1812, 1821–22 (2024). So courts must "exercise[] the utmost care" before conjuring an unenumerated, substantive right out of the Due Process Clause. *Id.* at 1822.

---

[*] Although plaintiffs argue they have an alternative "ratification theory" for liability, they are mistaken. Ratification only concerns the first prong of the test for entity liability: Under a ratification theory, "a subordinate's decision" may count as an official policy if that decision was "approve[d]" by "the authorized policymakers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *see also World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). So even if plaintiffs can show that DISD ratified the ARD Committee's decision, plaintiffs would still need to show an underlying constitutional deprivation. The only theory plaintiffs offer for that is the state-created danger theory.

If we were to recognize the state-created danger theory of substantive due process, we would ignore these words of warning.

We may not do so. The Supreme Court has announced a two-part test for recognizing substantive due process rights. *See ibid.* The state-created danger theory of substantive due process flunks both parts of that test. The theory does not rest on a "careful description" of any "fundamental liberty interest." *Ibid.* (citation omitted). On the contrary, the theory is open-ended and ill-defined. Nor is there any evidence that such a sweeping right to liberty from state-created dangers is "objectively, deeply rooted in this Nation's history and tradition." *Ibid.* (citation omitted). So we refuse to recognize the state-created danger theory of substantive due process.

AFFIRMED.

No. 24-10189

PATRICK E. HIGGINBOTHAM, *Circuit Judge*, concurring:

I agree that the panel may not grant the sought-for relief and join in this denial.